THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff Thomas H. Acerra, Jr.

---

| | |
|---|---|
| **THOMAS H. ACERRA, JR.,** | UNITED STATES DISTRICT COURT DISTRICT COURT OF NEW JERSEY TRENTON |
| Plaintiff | |
| **vs.** | Civil Action No.: 19-19933 (MAS-TJB) |
| **CITY OF ASBURY PARK**; **RICHARD THOMAS, THOMAS DOWLING, LUKE VASTA, SAM GRIFFETH, JOHN DOES 1-5** (fictitious individuals), members of the City of Asbury Park Police Department; **DAVID KELSO,** Chief of Police; **JOHN DOES 6-10** (fictitious individuals), Personnel of the City of Asbury Park Police Department in supervisory capacities; | **AMENDED COMPLAINT** |
| Defendants. | |

---

## JURISDICTION

1.    This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the

Fourth and Fourteenth Amendments of the Constitution of the United States of America.

Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3).   This Court

has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28

U.S.C. Section 1367.

## **PARTIES**

2.    Plaintiff Thomas H. Acerra, Jr. residing at 36 Sandspring Drive, Eatontown, NJ, 07724, Monmouth County, is and was, at all times herein relevant, a citizen of the United States and a resident of the State of New Jersey.

3.    Defendants Richard Thomas; Thomas Dowling; Luke Vasta; Sam Griffeth, and/or John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the City of Asbury Park Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of the City of Asbury Park, and were acting under the color of law.

4.    Defendants Chief of Police David Kelso and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the City of Asbury Park Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of City of Asbury Park and were acting under the color of law.

5.    Defendants Chief of Police David Kelso and/or John Does 6-10 were acting in supervisory capacities over Defendants Thomas;  Dowling; Vasta; Griffeth, and/or John Does 1-5 and responsible by law for the training, supervision and conduct of Defendants Thomas;  Dowling; Vasta; Griffeth,  and/or John Does 1-5.

6.    Defendant City of Asbury Park is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7.    At all times relevant hereto, Defendant City of Asbury Park employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Richard Thomas; Thomas Dowling; Luke Vasta; Sam Griffeth, and/or John

Does 1-10.

8.    All Defendants are named in their individual and official capacities.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

1.    On November 23, 2017, Plaintiff was lawfully on the premises of Porta Restaurant,

located at  911 Kingsley St, City of Asbury Park, State of New Jersey, 07712 as a

business invitee and patron.

2.    In order to enter Porta that evening, Plaintiff was required to show his identification as

proof that he was over the age of 21, in addition to paying a cover charge.

3.     Upon providing proof of his age and paying the requisite cover charge, Plaintiff was

given a wrist band to signify his permission to enter the establishment.  Plaintiff wore

said wrist band and did not take it off all night.

3.    After having spent a few hours in Porta, Plaintiff exited the establishment and ordered an

Uber to take him home.

4.    It was an extremely cold night and Plaintiff sought to wait inside Porta until his Uber

arrived.

5.    Despite having presented his wrist band to the bouncer as proof that he was already

admitted into the establishment, the bouncer denied Plaintiff entry unless he paid another

cover charge.

6.    Defendants Richard Thomas; Thomas Dowling; Luke Vasta; Sam Griffeth, and/or John

Does 1-5 were on post outside of Porta and witnessed Plaintiff being denied entry.

Despite there being no evidence of violence or threat of violence by Plaintiff, Defendants

Thomas;  Dowling; Vasta; Griffeth,  and/or John Does 1-5 ordered him to walk away

3

from the establishment and get off the sidewalk.

7.    In an attempt to follow Defendant(s)' instructions without walking into the street where cars were passing, Plaintiff began walking away from Porta towards the other end of the sidewalk.

8.    Without warning and without provocation, Defendant Thomas; Dowling; Vasta; Griffeth and/or John Does 1-5 used excessive and unreasonable force on Plaintiff's person by grabbing Plaintiff by the shoulder and slamming him face down into the concrete sidewalk, causing Plaintiff to sustain a concussion.

9.    Despite Defendant Thomas and/or John Does 1-5 having Plaintiff on the ground and restrained, Defendants Thomas;  Dowling; Vasta; Griffeth,  and/or John Does 1-5 came to assist in the assault and used further unnecessary and excessive physical force on Plaintiff, ramming their knees into his back, and excessively handcuffing him, causing him wrist and hand injuries.

10.    Plaintiff was arrested and transported to the Asbury Park Police Department.

11.    Plaintiff was ultimately charged with Disorderly Conduct in violation of N.J.S.A. 2C:33-2A(1).

12.    Plaintiff appeared in Asbury Park Municipal Court, wherein he pled guilty to the amended charge of a Municipal Ordinance.

## COUNT ONE
## SECTION 1983 USE OF EXCESSIVE FORCE

1.    The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.    As a direct and proximate result of the above-referenced unlawful and malicious

4

physical abuse of Plaintiff by Defendants Thomas;  Dowling; Vasta; Griffeth,  and/or John Does 1-5 committed under color of state law, Plaintiff sustained bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3.      As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered bodily injuries including physical and emotional injuries; medical expenses; lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

4.      By reason of the excessive and unreasonable force used on Plaintiff's person, Plaintiff was injured and was deprived of his constitutional rights as described above.

**WHEREFORE**, Plaintiff Thomas H. Acerra, Jr. demands judgment against Defendants Richard Thomas; Thomas Dowling; Luke Vasta; Sam Griffeth, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## COUNT TWO
## SECTION 1983 FAILURE TO INTERVENE

5.      The  previous paragraphs are incorporated herein inclusively as if fully set forth.

6.      Defendants Thomas;  Dowling; Vasta; Griffeth,  and/or John Does 1-5 were Asbury Park Police Officers and at all times mentioned herein were acting under color of state law.

7.      Defendants Thomas;  Dowling; Vasta; Griffeth,  and/or John Does 1-5 had a duty to intervene in the unjustified assault and arrest of Plaintiff by Defendants Thomas; Dowling; Vasta; Griffeth,  and/or John Does 1-5.

8.    The unjustified assault and arrest of Plaintiff by Defendants Thomas; Dowling; Vasta;

        Griffeth, and/or John Does 1-5 deprived Plaintiff of his right to be secure in his person

        against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of

        the Constitution of the United States and made actionable through 42 U.S.C. Section

        1983.

9.    Defendants Thomas; Dowling; Vasta; Griffeth, and/or John Does 1-5 had a reasonable

        opportunity to intervene in the unjustified arrest and assault of Plaintiff by Defendants

        Thomas; Dowling; Vasta; Griffeth, and/or John Does 1-5 and failed to intervene.

10.    As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff

        was deprived of his constitutional rights; sustained bodily injuries including physical

        and emotional injuries; medical expenses; lost wages, and will suffer additional special

        damages in the future in an amount which cannot yet be determined.

        **WHEREFORE**, Plaintiff Thomas H. Acerra, Jr. demands judgment against Defendants

Richard Thomas; Thomas Dowling; Luke Vasta; Sam Griffeth, and/or John Does 1-5 on this

Count together with compensatory and punitive damages, attorney's fees, interest and costs of

suit incurred, and for any such further relief as the court deems proper and just.

<u>**COUNT THREE**</u>
<u>**SECTION 1983 SUPERVISORY LIABILITY**</u>

11.    The previous paragraphs are incorporated herein inclusively as if fully set forth.

12.    Defendants Kelso and/or John Does 6-10 were supervisory officials and/or officers in

        charge at the time Plaintiff was arrested and assaulted.

13.    Defendants Kelso and/or John Does 6-10 had a duty to prevent subordinate officers

        Defendants Thomas; Dowling; Vasta; Griffeth, and/or John Does 1-5 from violating the

constitutional rights of citizens and/or detainees.

14.    Defendants Kelso and/or John Does 6-10  either directed Defendants Thomas;  Dowling;

Vasta; Griffeth, and/or John Does 1-5 to violate Plaintiff's constitutional rights or had

knowledge of and acquiesced in his/their subordinate's violations.

15.    Defendants Kelso and/or John Does 6-10 failed to adequately track departmental

excessive force complaints, administrative complaints and/or use of force incidents in

violation of City of Asbury Park Police Department policies, practices,  customs and/or

guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs

Guidelines, and/or failed to discipline officers for such violations.

16.    By reason of the above Plaintiff was deprived of his constitutional rights, sustained

bodily injuries including physical and emotional injuries; medical expenses; lost wages,

and will suffer additional special  damages in the future in an amount which cannot yet be

determined.

   **WHEREFORE**, Plaintiff Thomas H. Acerra, Jr. demands judgment against Defendants

Kelso and/or John Does 6-10 on this Count together with compensatory and punitive damages,

attorney's fees, interest and costs of suit incurred, and for any such further relief as the court

deems proper and  just.

## COUNT FOUR
## SECTION 1983 UNLAWFUL POLICY, CUSTOM, PRACTICE
## INADEQUATE TRAINING

17.    The  previous paragraphs are incorporated herein inclusively as if fully set forth.

18.    Defendants City of Asbury Park; City of Asbury Park Chief of Police Michael

Kelso, and/or John Does 6-10 are vested by state law with the authority to make policy

on: (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to the City of Asbury Park Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers.

19.     Defendants Kelso and/or John Does 6-10 are responsible for training Police Officers in the use of force and/or were officers in charge when Plaintiff Thomas H. Acerra, Jr. was assaulted and arrested.

20.     At all times mentioned herein, Defendants Thomas;  Dowling; Vasta; Griffeth, and/or John Does 1-5, as police officers, agents, servants and/or employees of Defendant City of Asbury Park, were acting under the direction and control of Defendants City of Asbury Park Police Department, Kelso and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the City of Asbury Park Police Department.

21.     Acting under color of law pursuant to official policy, practice, or custom, Defendants City of Asbury Park, Kelso and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants Kelso and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence;  (5) making false arrests, and/or (6) using unreasonable and excessive force.

22.    Acting under color of law pursuant to official policy, practice, or custom, Defendants City of Asbury Park, Kelso and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants City of Asbury Park, Kelso and/or John Does 6-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

23.    Defendants City of Asbury Park, Kelso and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of City of Asbury Park Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

24.    Defendants City of Asbury Park, Kelso and/or John Does 6- 10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or civil lawsuits filed against Defendants Kelso; Thomas; Dowling; Vasta; Griffeth, John Does 1-10, and/or other City of Asbury Park Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse;  unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld  evidence and/or used unreasonable and excessive force on citizens/arrestees.

9

25.   Asbury Park police officers have been named in at least three prior lawsuits alleging

police misconduct against citizens, including the use of excessive force, namely: Luckey

v. Asbury Park, et als., Civil Action No.: 15-02558 (FLW-LHG); Lezin v. Asbury Park,

et als., Civil Action No.: 12-6524 (DEA); and Carter v. Warraich et als., Civil Action

No.: 08-1835 (MLC-TJB).

26.   Despite their awareness, Defendants City of Asbury Park, Kelso and/or John Does 6-10

failed to employ any type of corrective or disciplinary measures against Defendants

Kelso; Thomas; Dowling; Vasta; Griffeth; John Does 1- 10, and/or other City of Asbury

Park Police Officers.

10.  Defendants City of Asbury Park, Kelso and/or  John Does 6-10 had knowledge of, or,

had they diligently exercised their duties to instruct, train, supervise, control, and

discipline Defendants Kelso; Thomas; Dowling; Vasta; Griffeth, and/or John Does 1-10

on a continuing basis, should have had knowledge that the wrongs which were done, as

heretofore alleged, were about to be committed.

27.   Defendants City of Asbury Park, Kelso and/or John Does 6-10 had  power to prevent or

aid in preventing the commission of said wrongs, could have done so by reasonable

diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference

failed to do so.

28.   Defendants City of Asbury Park, Kelso and/or John Does 6-10, directly or indirectly,

under color of state law, approved and/or ratified the unlawful, deliberate, malicious,

reckless, and wanton conduct of Defendants Thomas;  Dowling; Vasta; Griffeth, and/or

John Does 1-10 heretofore described.

29.    As a direct and proximate cause of conduct of  Defendants set forth above, Plaintiff

was  deprived of his Fourth and Fourteenth Amendment constitutional rights; sustained

bodily injuries including physical and emotional injuries; medical expenses; lost wages,

and will suffer additional special damages in the future in an amount which cannot yet be

determined.

    **WHEREFORE**, Plaintiff Thomas H. Acerra, Jr. demands judgment against Defendants

City of Asbury Park, David Kelso and/or John Does 6-10 on this Count together with

compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for

any such further relief as the court deems proper and just.

<u>**SUPPLEMENTAL STATE LAW CLAIMS**</u>

**COUNT FIVE**
<u>**VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)**</u>

30.    The  previous paragraphs are incorporated herein inclusively as if fully set forth.

31.    The excessive force used and failure to intervene by Defendants Thomas;  Dowling;

Vasta; Griffeth, and/or John Does 1-5, set forth at length above, deprived plaintiff of his

substantive due process right  to be free  from unlawful  seizure of his person and his

fundamental right to liberty secured  by the Constitution of the United States and the

Constitution of the State of New Jersey,  in violation of <u>N.J.S.A.</u> 10:6-1, et  seq. ("The

New Jersey Civil Rights Act").

32.    As a direct and proximate cause of conduct of  Defendants set forth above, Plaintiff

was  deprived of his constitutional rights; sustained  bodily injuries including physical

and emotional injuries;; medical expenses; lost wages, and will suffer additional special

damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Thomas H. Acerra, Jr. demands judgment against Defendants Richard Thomas; Thomas Dowling; Luke Vasta; Sam Griffeth, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

**COUNT SIX**
**ASSAULT AND BATTERY**

33.    The previous paragraphs are incorporated herein inclusively as if fully set forth.

34.    At all times relevant herein, Defendants Thomas;  Dowling; Vasta; Griffeth,  and/or John Does 1-5 were acting within the scope of their employment as City of Asbury Park police officers.

35.    Defendants Thomas; Dowling; Vasta; Griffeth, and/or John Does 1-5 committed an assault and battery on Plaintiff by physically injuring him without justification and/or by putting him in reasonable apprehension of serious and imminent bodily harm.

36.    The assault and battery committed by Defendants was contrary to the common law of  the State of New Jersey.

37.    As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff sustained diverse substantial and permanent physical and emotional injuries; medical expenses; lost wages and pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

 **WHEREFORE**, Plaintiff Thomas H. Acerra, Jr.  demands judgment against Defendants Thomas; Dowling; Vasta; Griffeth; the City of Asbury Park and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## COUNT SEVEN
## NEGLIGENCE

38.    The previous paragraphs are incorporated herein inclusively as if fully set forth.

39.    At all times relevant herein, Defendants Thomas; Dowling; Vasta; Griffeth,  and/or John

Does 1-5 were acting within the scope of their employment with Defendant City of Asbury

Park as police officers.

40.    Defendants Thomas; Dowling; Vasta; Griffeth, and/or John Does 1-5 had a duty to the

Plaintiff to not expose him to an unreasonable risk of injury.

41.    Through the acts and omissions set forth at length above,  Defendants Thomas;  Dowling;

Vasta; Griffeth, and/or John Does 1-5 breached that duty.

42.    The acts and omissions of the Defendants were in violation of the common law of the

State of New Jersey.

43.    As a direct and proximate result of their breach of duty to plaintiff, he was caused

to suffer significant and permanent physical and emotional injuries; injury; medical

expenses; lost wages and pain and suffering, and will suffer additional special damages in

the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Thomas H. Acerra, Jr. demands judgment against Defendants

Thomas; Dowling; Vasta; Griffeth; the City of Asbury Park and/or John Does 1-5, on this Count

together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred,

and for any such further relief as the court deems proper and  just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

13

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.


Dated: June 11, 2021                                  /s/ Thomas J. Mallon, Esq.

                                                      **THOMAS J. MALLON, ESQUIRE**